## SHIELDS *v.* WELLER.

1. EVIDENCE—EXPERT'S OPINION AS TO CANADIAN LAW.
    Function of expert on Canadian law was not to state his conclusion as to validity of instrument as contract under such law nor to decide questions of fact, but to state principles of law applicable under the varying facts as they could be found.

2. CONTRACTS—CANADIAN LAW—QUESTION OF FACT.
    In action based on an instrument alleged to be a contract under Canadian law, according to which determination as to instrument concededly must be made, court should take law as proved and apply it to undisputed facts and, on conflict of testimony, submit it to the jury for application to the facts as found by it.

3. APPEAL AND ERROR—QUESTION FOR JURY.

    Case should have been submitted to jury, where facts as to contractual character of instrument on which action was based were in dispute.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted October 5, 1934. (Docket No. 103, Calendar No. 37,996.) Decided December 11, 1934.

Assumpsit by Samuel Shields against Herbert B. Weller for sums allegedly due under a contract. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed.

*Albert E. Sharpe,* for plaintiff.

*McDonald & Henderson,* for defendant.

NORTH, J. In November, 1932, plaintiff contracted, in writing, to purchase from defendant 25,000 or more cedar ties, to be made in the Province of Ontario, and to advance him money on the purchase price. The contract was modified in February. Plaintiff advanced $3,360. On March 21, 1933, because of the bank holiday in Michigan, the bank at Sault Ste. Marie, Michigan, in which plaintiff had his funds, was closed and he was unable to advance defendant further contracted amounts. The parties consulted a solicitor at Sault Ste. Marie, Ontario, and he drafted certain instruments which they executed, the effect of which was to cancel the original and modified contracts, release each party from obligation to the other, and restore to defendant security which he had pledged. Among the instruments drafted by the solicitor on that day was the following, in the form of a letter, directed to plaintiff and signed by defendant alone:

"In view of the fact that you find it impossible to live up to your tie contract with me, I have agreed with you that now that you have canceled all contracts, and likewise have given me a bill of sale of the ties covered in the bill of sale bearing date the 25th day of February, 1933, and registered as number 14816, I will carry on with you on the following basis:

"I will co-operate with you in selling at least 25,000 ties, the understanding being the first .25c per tie to be paid to the  bank which does my banking business.  After the bank has received the amount as above stipulated, then you are to receive $3,360 in American funds from the proceeds of the ties.

"I am giving this concession to you in view of the fact that all agreements thus far have been canceled, and furthermore in view of the fact that you have spent money in the contract, and it is my desire that you may have an opportunity to realize the sum above stated being expended by you."

Plaintiff claims he "co-operated," in that, on the same day, he negotiated a contract for sale of the ties, which, however, defendant rejected.  Defendant sold the ties elsewhere.  The action is to recover moneys due plaintiff under the terms of the letter.  The sole question submitted is whether the letter constitutes a valid and enforceable contract.  The court directed verdict for defendant.  Plaintiff claims the question was for the jury.

It is agreed the letter must be tried by the Canadian law.  On direct question, whether the letter was a valid and enforceable contract under the law of Ontario and Canada, the solicitor who drafted it said it was not, (a) because it was without consideration and, not being under seal, consideration is not imported, and (b) it was only an offer, not bearing evidence that it had been accepted by plaintiff and

not the subject of specific performance. He cited and quoted authorities on the matter of consideration, declaring familiar principles of common law in effect both in Canada and Michigan. In so giving his opinion, however, the solicitor assumed facts which were in dispute and the opinion was based upon defendant's claim, in support of which the solicitor gave his own testimony, that all the other instruments between the parties had been executed in the morning, that the settlement was wholly complete in the morning and before the letter or its subject matter was considered by the parties, that they agreed upon and returned in the afternoon to have the letter written, and that the letter was an independent transaction. If the facts are not as the solicitor assumed them, his opinion as to the legal effect of the letter loses its force as proof of the foreign law.

Plaintiff claims and testified that the proposition contained in the letter was discussed and agreed upon as part of the general settlement between the parties and the letter was prepared and signed contemporaneously with the other instruments and was not an afterthought. The solicitor, on cross-examination, said a consideration sufficient to support the letter as a contract would exist if the facts were as claimed by plaintiff.

The solicitor was not asked whether signature of plaintiff to the letter would have been necessary to constitute it a contract if it were part of the general settlement as claimed by plaintiff, nor whether acceptance by plaintiff sufficient to validate the instrument as a contract could be had by work done thereunder.

It appears, therefore, that the opinion of the solicitor as to the letter constituting a contract was not final because it did not encompass all the facts which could be found by the jury.

The conflict in the testimony indicates that the original question propounded to the solicitor was hardly in proper form. It was not his province to state his conclusion of the validity of the instrument nor to decide questions of fact. 22 C. J. p. 656. It was his function, as an expert, to state the principles of law applicable under the varying facts as they could be found and question should have been directed to that end. It was for the court to take the law as proved and use it as he would the local law in an ordinary case, apply it to undisputed facts and, on conflict of testimony, submit it to the jury for application to the facts as found by it.

The facts upon which the contractual character of the instrument rests being in dispute, the case should have been submitted to the jury.

Judgment reversed, with new trial and costs to plaintiff.

POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, C. J., did not sit.